UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00819-VAP-MRWx | Date | September 28, 2021 |
| Title | *James Shayler v. Lees Dental Building, LLC et al* | | |

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| CHRISTINE CHUNG | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** MINUTE ORDER GRANTING MOTION TO DISMISS [DKT. 30] (IN CHAMBERS)

On June 16, 2021, Defendant Lee's Dental Building, LLC filed a Motion to Dismiss Complaint. (Mot., Dkt. 30.) Plaintiff opposes the Motion. (Opp'n, Dkt. 32.) The Court finds this matter appropriate for resolution without hearing pursuant to Local Rule 7-15. After considering all papers filed in connection to the Motion, the Court **GRANTS** the Motion.

Plaintiff brings this action under the Americans with Disabilities Act ("ADA").[1] (Compl., Dkt. 1.) Plaintiff alleges he suffers from impairment of his musculoskeletal, neurological, and cardiovascular systems, and often relies upon mobility devices, including a walker, to ambulate. (*Id.* ¶¶ 1, 20.) On or about January 15, 2021, Plaintiff visited a business by the name of "Crescenta Dental" located at 2777 Foothill Blvd., La Crescenta, CA 91214. (*Id.* ¶¶ 2, 9.) The property is owned by Defendant. (*Id.* ¶ 3.) Plaintiff alleges that at the time of his visit, Defendant did not provide designated parking spaces for persons with disabilities that complied with the applicable ADA Guidelines

---

[1] The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (Dkt. 12.)

("ADAAG"). (*Id.* ¶ 10.) Plaintiff alleges that the slope of the accessible parking area, particularly the access aisle, exceeds the ADAAG specifications. (*Id.* ¶¶ 11, 31 (citing ADAAG § 502.4).)

Defendant now seeks dismissal of the Complaint on various grounds. As a threshold matter, Defendant contends that Plaintiff lacks standing because the Complaint fails to establish a connection between the barrier alleged and Plaintiff's disability. (Mot. at 8–9.)

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an action for lack of subject matter jurisdiction. "Because standing . . . pertain[s] to federal courts' subject matter jurisdiction, [it is] properly raised in a Rule 12(b)(1) motion to dismiss." [2] *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). In the context of a 12(b)(1) motion, the plaintiff has the burden of establishing Article III standing to assert his claims. *Id.* The "irreducible constitutional minimum" of Article III standing consists of three elements: (1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). To establish the initial requirement of injury, a plaintiff must show that he suffered an invasion of a legally protected interest that is concrete and particularized, and actual or imminent rather than conjectural or hypothetical. *Id.* "[P]articularized . . . mean[s] that the injury must affect the plaintiff in a personal and individual way." *Id.* at 560 n. 1.

In the ADA context, a plaintiff lacks standing "if the barriers he seeks to enjoin do not pose a real and immediate threat to him *due to his particular disability*." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (emphasis added). A plaintiff must therefore show the "necessar[y] link[ ] to the nature of his disability." *O'Campo v. Bed Bath & Beyond of California, LLC*, 610 F. App'x 706, 708 (9th Cir. 2015) (internal quotations and citation omitted); *see also Strojnik v. Wickstrom Hospitality, LLC*, No. 219CV002043 JAM AC PS, 2020 WL 3840978, at *3 (E.D. Cal. July 8, 2020), *report and recommendation adopted*, No. 219CV02043 JAM AC PS, 2020 WL 4937086 (E.D. Cal. Aug. 24, 2020) (plaintiff "must specifically tie an impairment to a noncompliant feature, and must allege the manner in which the particular noncompliance interacted with plaintiff's particular disability").
!

---

[2] As to the standing issue addressed in this Order, Defendant's Motion raises a facial attack. (*See* Mot. at 8–9.) A facial attack accepts the factual allegations as pleaded, but "asserts that [they] are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

  The only well-pled barrier in the Complaint is the slope of the accessible parking access aisle, which Plaintiff alleges is in excess of the limits set forth in ADAAG § 502.4.[3]  (*See* Compl. ¶¶ 11, 31.)  As Plaintiff recognizes in his Complaint, the ADAAG requires access aisles "to be nearly level in all directions to provide a surface for wheelchair transfer to and from vehicles."  (*Id.* ¶ 31 (quoting ADAAG § 502.4, Advisory Note).)  It follows that if an accessible parking area does not comply with the requirements of § 502.4, persons whose disabilities require use of a wheelchair would be impacted.  Here, however, the Complaint alleges only that Plaintiff "relies upon a walker or other mobility devices."  (*Id.* ¶ 20.)  Nowhere does Plaintiff allege that his disabilities require use of a wheelchair.  Thus, absent is the requisite link between Plaintiff's disability and the barrier alleged.  *See O'Campo*, 610 F. App'x at 708 (plaintiff lacked standing where the barriers alleged might interfere with access for wheelchair users but plaintiff did not allege he was one). !"The Court may not imagine additional facts about [plaintiff's] disability that [plaintiff] did not allege." *Id*.

  For the reasons stated above, the Motion is GRANTED with leave to amend.  Any amended complaint must be filed on or before October 11, 2021.

**IT IS SO ORDERED.**

---

[3] In relevant part, § 502.4 states that "[a]ccess aisles shall be at the same level as the parking spaces they serve" and "[c]hanges in level are not permitted."  ADAAG § 502.4.  An exception is provided for slopes not steeper than 1:48.  *Id.*